JOSEPHINE CLARK, ET AL., *v.* WILLIAM TUCKER.

**Married Women—Judgment.**

> Where several married women were sued jointly with their husbands and others, and a joint personal judgment is rendered against all, such judgment is erroneous as to the married women, and since the judgment is joint it must be reversed as to all.

APPEAL FROM McLEAN CIRCUIT COURT.

March 1, 1875.

OPINION BY JUDGE COFER:

Several of the appellants, who are married women, and were such when this action was brought and when the bond sued upon was executed, were sued jointly with their husbands and others, and a joint personal judgment was rendered against all.  This was error as to the married women; and as the judgment is joint it must be reversed as to all.

As there may be a retrial, we have deemed it proper to notice some of the errors complained of in giving and refusing instructions.

In the second instruction given, the court told the jury, in substance, that if the appellee applied to cross in appellants' ferry-boat with his wagon and team, and the boat, at the time, was in charge of the boy, John Samuels, or that he was and had been crossing passengers in the boat with the knowledge of the regular ferryman, and the appellee's team was drowned in consequence of the want of strength or precaution on the part of the boy, they should find for the plaintiff.

The first part of this instruction made the appellants liable if the appellee applied to cross in the ferry, and found the boy in charge of the boat, and the team was lost on account of the want of strength and care on his part. This was error, because it did not submit to the jury the question whether the boy was there, with the knowledge or consent of the regular ferryman, for the purpose of taking charge of the boat and ferrying persons or property across the river. That the boy was found in charge of the boat was not enough to render the owners of the ferry answerable for his misconduct or his want of strength to manage the boat.

If he was put there by the appellants or their ferryman, to act as ferryman, they would be liable; but if he was not placed there by them or the ferryman he had no authority to act for the owners, and they are not liable. That the boy had been crossing passengers in the boat with the knowledge of the ferryman, may have been some evidence that he was in charge of the boat with his knowledge, but was not conclusive of the question; and it was error to tell the jury that if they found that the boy had "been crossing passengers in the boat with the knowledge of the regular ferryman," the appellants were liable for the loss of the team if it occurred in the manner claimed.

The allegations recited in the fifth instruction are mere allegations of matters of evidence, and not being material to the cause of action were not confessed by the failure to deny them.

Judgment *reversed* and cause remanded with instructions to award the appellants a new trial.

*J. M. Bickers, for appellants.*
. *L. W. Gates, for appellee.*